UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

TIFFANY N. THORNE,
on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

ACCOUNTS RECEIVABLE MANAGEMENT, INC.
and JOHN DOE,

    Defendants.
_____/

## CLASS ACTION COMPLAINT
### JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

### PARTIES

3. Plaintiff, TIFFANY N. THORNE, is a natural person, and citizen of the State of Florida, residing in Dade County, Florida.

4.	Defendant, ACCOUNTS RECEIVABLE MANAGEMENT, INC., ("ARM") is a professional corporation and citizen of the State of Florida with its principal place of business at Suite 505, 3400 Lakeside Drive, Miramar, Florida 333027.

5.	JOHN DOE is an individual associated with ARM. JOHN DOE controls the policies and practices of ARM regarding the FDCPA and authorized those policies and practices complained of herein. Plaintiff is presently unaware of the name of this individual, will obtain it through discovery and amend her complaint accordingly.

6.	Defendant, ARM, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7.	Defendant, JOHN DOE, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8.	Defendant, ARM, regularly collects or attempts to collect debts for other parties.

9.	Defendant, JOHN DOE, regularly collects or attempts to collect debts for other parties.

10.	Defendant, ARM, is a "debt collector" as defined in the FDCPA.

11.	Defendant, JOHN DOE, is a "debt collector" as defined in the FDCPA.

2

## FACTUAL ALLEGATIONS

12.  Defendant, ARM, sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

13.  Defendant, ARM, left the following messages on Plaintiff's residential telephone on or about the dates stated:

> November 12, 2010 at 8:28 AM – Pre-Recorded Message
> This message is being left during business hours for Thorne Tiffany N. Please return out call at 888-548-8829 between the hours of 8 am and 9 pm Monday thru Thursday, Friday 8 am until 5 pm, Saturday 8 am until 12 noon.  Thank you.

14.  Based upon information and belief, Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

15.  The telephone messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008). Further, because the messages address Plaintiff by name the messages are communications regardless of whether or not Plaintiff or the class members actually received the messages because 15 U.S.C. §1692a(2) applies to both direct and indirect communications.  The statute reads "The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person though any medium" 15 U.S.C. §1692a(2).

16. Defendant, ARM, failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of its messages and failed to disclose its name.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

17. Plaintiff incorporates Paragraphs 1 through 16.

18. Defendant, ARM, failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

19. Plaintiff incorporates Paragraphs 1 through 16.

20. Defendant, ARM, placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and thus the purpose of its communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

## CLASS ACTION ALLEGATIONS

21. Plaintiff incorporates the foregoing paragraphs.

22. This action is brought on behalf of an FDCPA class.

23. The class is defined as:

    a. all Florida residents for whom Defendant, ARM, left a telephone message in which it failed to disclose that the communication was from a debt collector, its name or the purpose of the call,

    b. in an attempt to collect a debt incurred for personal, family, or household purposes,

    c. during the one-year period prior to the filing of the complaint in this matter through the date of class certification.

24. Plaintiff alleges on information and belief based on the use of uniform telephone messages that the class is so numerous that joinder of all members is impractical.

25. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

    a. whether Defendant, ARM's, messages violate the FDCPA

    b. whether Defendant, ARM, is a debt collector.

26. The claims of Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

27. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful debt collection practices under the FDCPA and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

28. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

    a. The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

WHEREFORE, Plaintiff, TIFFANY N. THORNE, requests that the Court enter judgment in favor of herself and the class and against Defendants, ACCOUNTS RECEIVABLE MANAGEMENT, INC and JOHN DOE.

    a. Certification of this matter to proceed as a class action;

    b. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B) for the FDCPA class;

    c. Attorney's fees, litigation expenses and costs of suit; and

    d.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

          Respectfully submitted,

          DONALD A. YARBROUGH, ESQ.
          Attorney for Plaintiff
          Post Office Box 11842
          Fort Lauderdale, Florida 33339
          Telephone: (954) 537-2000
          Facsimile: (954) 566-2235
          donyarbrough@mindspring.com

          s/Donald A. Yarbrough
          Donald A. Yarbrough, Esq.
          Florida Bar No. 0158658