UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-22290-Civ-SCOLA

TIFFANY N. THORNE,

    Plaintiff,

vs.

ACCOUNTS RECEIVABLE MANAGEMENT,
INC., *et al.*,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

THIS MATTER is before the Court on the Plaintiff's Motion for Class Certification (ECF No. 35). The Motion came before the Court for a hearing on May 17, 2012, at which the parties presented oral argument. The Court has reviewed the Motion, the record, the relevant legal authorities, and the arguments of the parties. For reasons stated more fully below, the Motion (ECF No. 35) is **DENIED**.

### I.  FACTUAL BACKGROUND

In her First Amended Complaint (ECF No. 32), Plaintiff Tiffany Thorne ("Thorne") alleges that the Defendant, Accounts Receivable Management, Inc. ("ARM"), violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), when it allegedly left a prerecorded voice message on her residential telephone line on or around November 12, 2010, in an effort to collect an alleged debt Thorne incurred for personal, family, or household purposes to Westchester Healthcare Network. Thorne alleges that the message stated as follows:

> This message is being left during business hours for Thorne Tiffany N. Please return ou[r] call at 888-548-8829 between the hours of 8 a.m. and 9 p.m. Monday [through] Thursday, Friday 8 a.m. until 5 p.m., Saturday 8 a.m. until 12 noon. Thank you.

Am. Compl. 3 ¶ 13, ECF No. 32. Thorne alleges on information and belief that ARM left similar or identical messages on other occasions. The Amended Complaint raises two counts against ARM:

(1) failure to disclose status as a debt collector in violation of 15 U.S.C. § 1692e(11); and (2) failure to make a meaningful disclosure of identity in violation of 15 U.S.C. § 1692d(6).

The Amended Complaint also alleges that ARM uses uniform telephone messages to collect debts from other persons. Thorne moved to certify a class on February 1, 2012, proposing a class that consists of:

> a) all Florida residents for whom Defendant left a telephone message in which it failed to disclose that the communication was from a debt collector, its name or the purpose of the call;
>
> b) in an attempt to collect a debt incurred for personal, family, or household purposes;
>
> c) then due Westchester Healthcare Network, believed to be a fictitious name for Westchester General Hospital;
>
> d) during the one-year period prior to filing of the complaint in this matter [June 23, 2011] through the date of class certification.

*See* Am. Compl. 5 ¶ 23; Motion 1–2 ¶ 1, ECF No. 36. Thorne's proposed class definition *does not* include one subclass for alleged Section 1692e(11) violations and another subclass for alleged Section 1692d(6) violations. Rather, Thorne's proposed class definition includes putative class members who suffered violations of *both* Section 1692e(11) *and* Section 1692d(6). ARM argues that this proposed class should not be certified.

## II. LEGAL STANDARD: FDCPA

The FDCPA was established by Congress "to eliminate abusive debt collection practices" and "to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The Act provides a civil cause of action against any debt collector who fails to comply with its requirements, including §§ 1692e(11) and 1692d(6). *See* 15 U.S.C. § 1692k(a). A debt collector can be held liable for an individual plaintiff's actual damages, statutory damages up to $1,000, costs, and reasonable attorney's fees. 15 U.S.C. § 1692k(a)(1)-(3). Section 1692d(6), regarding harassment or abuse, prohibits debt collectors from "the placement of telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d(6). Section 1692e(11) obligates a debt collector to point out that it is "attempting to collect a debt and that any information obtained will be used for that purpose," and must identify itself as a debt collector. 15 U.S.C. § 1692e(11). The Eleventh Circuit evaluates FDCPA claims under the "least sophisticated consumer" standard. *Ponce*

*v. BCA Fin. Services, Inc.*, No. 11-13688, 2012 WL 470213, at *2 (11th Cir. Feb. 14, 2012); *see also Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir.1985) (adopting "least sophisticated consumer" standard from Federal Trade Commission Act cases for cases under FDCPA).

### III. ANALYSIS AND CONTROLLING AUTHORITY:  STANDING ISSUES

ARM argues that Thorne lacks standing to pursue her FDCPA claims because: (i) Thorne's "claim is moot"; (ii) there is "no evidence of a positive net worth for Defendants"; and (iii) "Plaintiff only seeks statutory damages for her and the class." Def.'s Resp. 4–6, ECF No. 39.

ARM argues that Thorne's claim was rendered moot by ARM's written settlement offer, which offered her $1,001.00 plus reasonable attorney's fees and court costs to resolve her claims. *See* Def.'s Ex. A, ECF No. 39-1. Under Federal Rule of Civil Procedure 68, a defendant can "serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). When a plaintiff is tendered an offer of judgment for the maximum allowable relief*,* it moots an FDCPA claim, even when that offer is not accepted. *Lynch v. First Nat. Collection Bureau, Inc.*, No. 11-60798-CIV, 2011 WL 2457903*,* at *1 (S.D. Fla. Jun. 17, 2011) (Cohn, J.); *see also Moore v. Hecker*, 250 F.R.D. 682, 683 (S.D. Fla. 2008) (Cohn, J.) (stating same); *Mackenzie v. Kindred Hosps. E., LLC*, 276 F. Supp. 2d 1211, 1218–19 (M.D. Fla. 2003) (finding dismissal of FLSA claim as moot appropriate after plaintiff was tendered and rejected Rule 68 offer for amount exceeding that which plaintiff could have received at trial). "The plain purpose of Rule 68 is to encourage settlement and avoid litigation." *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op, Inc.*, 298 F.3d 1238, 1240 (11th Cir. 2002) (quoting *Marek v. Estate of Chesny,* 473 U.S. 1, 5 (1985)). Thus, "Rule 68 allows a defendant to make a firm, non-negotiable offer of judgment." *Id.*

A Rule 68 offer of judgment, however, is distinguishable from a mere offer of settlement, as an offer of judgment requires that actual judgment be allowed. *See, e.g., Moten v. Broward Cnty., Fla.*, No. 10-62398-CIV, 2011 WL 5877034, at *3 (S.D. Fla. Nov. 23, 2011) (Cohn, J.) (finding evidence of "attempt to settle" insufficient and that "Defendant has presented no evidence that it served Plaintiff with a Rule 68 offer of judgment."); *Balthazor v. ARS Nat'l Servs., Inc.*, No. 11-60821-CIV, 2011 WL 367701, at *1–*2 (S.D. Fla. Aug. 18, 2011) (Cohn, J.) (discussing "whether a mere offer of full damages moots a case" and concluding that "[t]his Court does not find that the action is moot as Plaintiff has not been afforded the relief of an enforceable judgment"); *Lynch*,

2011 WL 2457903, at *2 (finding offer did not render FDCPA claim moot where it did not include judgment against all defendants); *Manfred v. Focus Receivables Mgmt., LLC,* No. 10–60597–CIV (S.D. Fla. Apr. 6, 2011) (order denying motion to dismiss, ECF No. 29) (Zloch, J.) ("Defendant maintains that its settlement offer to Plaintiff of full statutory damages and reasonable attorney's fees was sufficient to moot his FDCPA claims, despite the facts that Defendant has not submitted to a final judgment . . . . The Court cannot construe Defendant's settlement offer to be a Rule 68 offer for the purposes of mooting Plaintiff's FDCPA claims, and then distinguish it from a Rule 68 offer in order to protect Defendant from having a judgment entered against it."); *cf. Util. Automation 2000, Inc.*, 298 F.3d at 1240 (distinguishing Rule 68 "non-negotiable offer of judgment" from "traditional settlement negotiations").

ARM alleges that Thorne's individual claim is moot because she was offered a settlement sufficient to resolve her claim under the FDCPA in addition to reasonable attorney's fees and costs. However, upon review of the record and the legal distinction set forth above, the Court finds that this offer was not an offer of *judgment* for the purposes of mootness, but rather a mere settlement offer. "[A]n Offer of Judgment cannot be evaluated solely by its dollar amount." *Lynch*, 2011 WL 2457903, at *2. ARM's written settlement offer did not include an offer of judgment against it. Therefore, Thorne's claim was not rendered moot by the offer.

ARM also argues that there is "no evidence of a positive net worth for Defendant, and therefore, there is nothing for the class to recover. As such, no claim on behalf of the class exists." Def.'s Resp. 4. The Court finds that the issue of the ARM's net worth has not been fully developed. Even if ARM's contention about its net worth was accurate, however, ARM cites no authority in support of its standing argument.

The standing inquiry required by the Eleventh Circuit at the class certification stage asks whether "at least one named class representative has Article III standing to raise each class subclaim." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000). There are three elements to Article III standing:

> First, the plaintiff must have suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Telesca v. Village of Kings Creek Condo. Ass'n, Inc.*, 390 F.App'x 877, 880–81 (11th Cir. 2010) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). None of the Article III standing requirements focus on a defendant's alleged net worth. Thus, ARM's purported net worth does not deprive Thorne of Article III standing.[1]

Finally, the Court rejects ARM's argument that Thorne lacks Article III standing because Plaintiff "only seeks statutory damages for her and the class." Def.'s Resp. at 4. *See, e.g., Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301 (11th Cir. 2009) (stating Eleventh Circuit's recognition that "statutory damages may be used in cases where no actual damages were incurred").

## IV. ANALYSIS AND CONTROLLING AUTHORITY: CLASS CERTIFICATION STANDARD

*a. Governing Law*

Class certification "is governed by Federal Rule of Civil Procedure 23." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2548 (2011). Under Rule 23(a), the party seeking class certification must first demonstrate that:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). If those requirements are satisfied, "the proposed class must satisfy at least one of the three requirements listed in Rule 23(b)." *Wal-Mart*, 131 S.Ct. at 2548. Plaintiff seeks certification under Rule 23(b)(3), which states that a class may be maintained where "questions of law or fact common to class members predominate over any questions affecting only individual

---

[1] The Court notes that many courts have certified a class even where the defendant shows negative net worth (*i.e.*, negative net worth does not moot the issue). *See, e.g., Harris v. D. Scott Carruthers & Assoc.*, 270 F.R.D. 446, 454–55 (D. Neb. 2010); *Lemire v. Wolpoff & Abramson, LLP*, 256 F.R.D. 321, 331 (D. Conn. 2009); *Jancik v. Cavalry Portfolio Servs., LLC*, No. 06-3104, 2007 WL 1994026, at *10–*11 (D. Minn. July 3, 2007); *Liles v. Am. Corrective Counseling Servs., Inc.*, 231 F.R.D. 565, 576 (D. Minn. 2005); *Weber v. Goodman*, 9 F. Supp. 2d 163, 170–71 (E.D.N.Y. 1998).

members," and a class action would be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart*, 131 S.Ct. at 2550 (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). In order to justify a departure from that rule, "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Id*. (quoting *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)). The Rules Enabling Act forbids interpreting Rule 23 to "abridge, enlarge or modify any substantive right." *Id*. at 2561 (citing 28 U.S.C. § 2072(b)).

Rule 23(a) "ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Id*. at 2550. The Rule's four requirements—numerosity, commonality, typicality, and adequate representation—"effectively 'limit the class claims to those fairly encompassed by the named plaintiff's claims.'" *Id*. (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982)).

Rule 23 "does not set forth a mere pleading standard." *Id*. at 2551. "A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Id*. The Supreme Court stated:

> We recognized in *Falcon* that "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question," 457 U.S., at 160, 102 S.Ct. 2364, and that certification is proper only if "the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied," *id*., at 161, 102 S.Ct. 2364; *see id*., at 160, 102 S.Ct. 2364 ("[A]ctual, not presumed, conformance with Rule 23(a) remains . . . indispensable"). Frequently that "rigorous analysis" will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped. "'[T]he class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Falcon, supra*, at 160, 102 S.Ct. 2364 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); some internal quotation marks omitted). Nor is there anything unusual about that consequence: The necessity of touching aspects of the merits in order to resolve preliminary matters, *e.g*., jurisdiction and venue, is a familiar feature of litigation. *See Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676–677 (C.A.7 2001) (Easterbrook, J.).

*Id*. at 2551–52.

The Eleventh Circuit also recently discussed inquiries into the merits in order to determine whether the requirements of Rule 23 have been satisfied:

> As this Court noted in the *Klay* decision, "[i]n determining whether class or individual issues predominate in a putative class action suit, we must take into account the claims, defenses, relevant facts, and applicable substantive law. . . ." [*Klay v. Humana, Inc.*, 382 F.3d 1241, 1254 (11th Cir. 2004)] (quotation marks omitted). Although a district court may not resolve the merits of a case when ruling on a Rule 23 motion, *see Heffner v. Blue Cross and Blue Shield of Ala., Inc.*, 443 F.3d 1330, 1337 (11th Cir. 2006), the court may, and sometimes must, inquire into the merits in order to determine whether the requirements of Rule 23 have been satisfied, *see Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1188 n. 15 (11th Cir. 2003). That kind of limited inquiry is all that the district court undertook in this case. *See also Wal–Mart Stores, Inc. v. Dukes*, ––– U.S. –––, 131 S.Ct. 2541, 2551–52, 180 L.Ed.2d 374 (2011) ("[S]ometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question ... [, which] generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." (quotation marks and citations omitted)); *Babineau*, 576 F.3d at 1191 ("The predominance inquiry requires an examination of the claims, defenses, relevant facts, and applicable substantive law ...." (quotation marks omitted)); *Heaven v. Trust Co. Bank*, 118 F.3d 735, 738 (11th Cir.1997) (stating that the existence of "individual defenses" for each case in the proposed class "is a proper factor for consideration" in the Rule 23(b) analysis); *Huff v. N.D. Cass Co. of Ala.*, 485 F.2d 710, 714 (5th Cir.1973) (en banc) ("It is inescapable that in some cases there will be overlap between the demands of [Rule] 23(a) and (b) and the question of whether [a] plaintiff can succeed on the merits.").[2]

*Coastal Neurology, Inc. v. State Farm Mut. Auto. Ins. Co.*, 458 F.App'x 793, 794 (11th Cir. 2012).

b. Rule 23(a)

    1. <u>Commonality</u>

Commonality is "the rule requiring a plaintiff to show that 'there are questions of law or fact common to the class.'" *Wal-Mart*, 131 S.Ct. at 2550–51 (quoting Rule 23(a)(2)). The Supreme Court stated:

> That language is easy to misread, since "[a]ny competently crafted class complaint literally raises common 'questions.'" Nagareda, Class Certification in the Age of

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

> Aggregate Proof, 84 N.Y.U.L.Rev. 97, 131–132 (2009). For example: Do all of us plaintiffs indeed work for Wal–Mart? Do our managers have discretion over pay? Is that an unlawful employment practice? What remedies should we get? Reciting these questions is not sufficient to obtain class certification.

*Id*. at 2551. Commonality requires the plaintiff to demonstrate that the class members "have suffered the same injury." *Id*. (quoting *Falcon*, *supra*, at 157, 102 S.Ct. 2364). "This does not mean merely that they have all suffered a violation of the same provision of law." *Id*.

In *Wal-Mart*, the Supreme Court found that "proof of commonality necessarily overlaps with respondents' merits contention." *Id*. at 2552. Here, too, proof of commonality necessarily overlaps with Thorne's merits contention that ARM violated 15 U.S.C. § 1692d(6) because "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members" and must "have suffered the same injury." *Id*. at 2550–51. Thus, if ARM did not violate Section 1692d(6) as to Thorne, she cannot be a class representative for a class that includes those who allegedly suffered violations of Section 1692d(6).

Section 1692d(6) provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d(6). The parties dispute whether more than one telephone call is required in order to violate Section 1692d(6). Thorne argues that one call is sufficient, while ARM argues that more than one call is required.

The Eleventh Circuit's canons of statutory construction are controlling. "The first rule in statutory construction is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute. If the statute's meaning is plain and unambiguous, there is no need for further inquiry." *United States v. Tobin*, 676 F.3d 1264 (11th Cir. 2012) (quoting *United States v. Fisher*, 289 F.3d 1329, 1337–38 (11th Cir. 2002)). It is a "fundamental canon of statutory construction that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Fid. Interior Constr., Inc. v. The Se. Carpenters Reg'l Council of the United Bhd. of Carpenters and Joiners of Am.*, 675 F.3d 1250, 1264 (11th Cir.

2012) (quoting *Summit Valley Indus. v. United Bhd. of Carpenters & Joiners*, 456 U.S. 717, 722, 102 S.Ct. 2112, 2115, 72 L.Ed.2d 511 (1982)).  As the Supreme Court held, "The use of 'conditions,' a word in the plural, suggests that Congress did not intend to limit the bases for modifying awards to a single condition, such as an employee's physical health."  *Metro. Stevedore Co. v. Rambo*, 515 U.S. 291, 296 (1995) (citing 2A N. Singer, Sutherland on Statutory Construction § 47.34, p. 274 (5th rev. ed. 1992) ("'Ordinarily the legislature by use of a plural term intends a reference to more than one matter or thing'")).

Two courts in the Southern District of Florida have considered the issue that is now before this Court.  In *Sampaio v. I.C. Sys., Inc.*, the court held that the plain language of § 1292d(6) "requires the plaintiff to allege more than a single wrongful call for liability to attach."  No. 09-21689-CIV-JORDAN (S.D. Fla. Nov. 6. 2009) (Jordan, J.).  Judge Jordan recognized that the statute prohibits "the placement of *telephone calls* without meaningful disclosure of the caller's identity."  *Id.* (quoting 15 U.S.C. § 1692d(6)) (emphasis added by Judge Jordan).  Similarly, in *Bianchi v. P&B Capital Grp., LLC*, the court held that the plain language of § 1292d(6) "requires more than a single call for liability to attach."  No. 10-60931-CIV-MARTINEZ-BROWN (S.D. Fla. Jan. 20, 2011) (Martinez, J.).

The Court finds the reasoning of Judge Jordan and Judge Martinez persuasive, and in accordance with the Eleventh Circuit's canons of statutory construction, holds § 1292d(6)'s use of the plural term "calls" is a reference to more than one call.  As a result, a plaintiff in a § 1292d(6) action must prove that the defendant made at least *two* phone calls, within the relevant statute of limitations, that included the prohibited behavior.  Thorne has not presented evidence that ARM made at least two calls to her within the relevant statute of limitations that included the prohibited behavior.

Thorne's proposed class definition includes putative class members who suffered violations of both § 1692e(11) and § 1692d(6).  Because Thorne does not have a cognizable claim under § 1292d(6), she is not a part of the class in which she seeks to serve as a class representative and did not suffer the same injury as putative class members who might be able to establish violations of both § 1692e(11) and § 1692d(6).  *See Wal-Mart*, 131 S.Ct. at 2550–51.  Accordingly, Thorne cannot satisfy Rule 23(a)'s commonality requirement.  Her failure to satisfy the commonality requirement requires the Court to deny her present Motion.  *See Id.* at 2551 n.5 ("In light of our disposition of the commonality question, however, it is unnecessary to resolve whether respondents have satisfied the typicality and adequate-representation requirements of Rule 23(a).").

Thorne's proposed class definition, which includes putative class members who suffered violations of *both* § 1692e(11) and § 1692d(6), is the only class definition that she has presented. Thorne proposed that class definition despite two § 1692d(6) cases in the Southern District of Florida establishing that she is not a part of the class that she sought to represent and did not suffer the same injury as putative class members. It is well within this Court's discretion to deny class certification based upon the class definition that Thorne presented. *See Coon v. Ga. Pac. Corp.*, 829 F.2d 1563, 1567 (11th Cir. 1987) ("Even if plaintiff's proof might have satisfied Rule 23's requirements so as to certify a [narrower class] . . . she never proposed such a class, and the district court did not abuse its discretion in refusing to certify the class as presented."); *see also Hines v. Widnall*, 334 F.3d 1253, 1257 (11th Cir. 2003) ("The district court found that the three remaining plaintiffs did not adequately represent the spectrum of jobs and divisions at Eglin because they 'seek to represent a class that is far too broad.' Reviewing our precedent in this area, we find the district court's determination to be within the range of permissible choice and thus not a clear error of judgment.").

2. Numerosity

In addressing the issue of numerosity, Thorne argues that "While the precise class size is unknown, the class is so large that joinder will be impracticable." As Rule 23(a)(1) makes clear, a class can be certified only if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Citing to the deposition testimony of ARM employees Joseph Rivera and Alex Hernandez, Thorne states that ARM receives two to three hundred accounts per month from Westchester Hospital, that at least one hundred calls are placed every month for Westchester Hospital accounts, and that "Defendant can determine through its computer system all of the accounts Defendant was collecting for Westchester." Motion 5. Thorne argues that it is "inescapable that at least forty persons would have received a message like the one recited in Plaintiff's Complaint." Pl.'s Reply 3, ECF No. 55.

In *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256 (11th Cir. 2009), the plaintiff's class certification motion "cited only the deposition testimony of William Steele, [defendant] T-Mobile's Manager of Sales Compensation Design, in support of his argument for numerosity." *Id*. at 1267. Mr. Steele agreed that the number of retail sales associates employed by T-Mobile between the years 2002 and 2006 was "in the thousands." *Id*. at 1267. The Eleventh Circuit held that "[w]hile

this company-wide testimony easily would constitute a sufficient basis for a finding of numerosity as it relates to a nationwide class, the district court, significantly, certified a Florida-only class." *Id.*

The Eleventh Circuit noted that, "[a]lthough mere allegations of numerosity are insufficient to meet this prerequisite, a plaintiff need not show the precise number of members in the class." *Id.* (quoting *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 930 (11th Cir.1983)). Nevertheless, "a plaintiff still bears the burden of making some showing, affording the district court the means to make a supported factual finding, that the class actually certified meets the numerosity requirement." *Id.* That plaintiff did not cite, and the court could not locate in the record, "any evidence whatsoever (or even an allegation) of the number of retail sales associates T-Mobile employed during the class period in Florida who would comprise the membership of the class, as certified by the district court." *Id.*

The court reasoned that "Yes, T-Mobile is a large company, with many retail outlets, and, as such, it might be tempting to assume that the number of retail sales associates the company employed in Florida during the relevant period can overcome the generally low hurdle presented by Rule 23(a)(1)." *Id.* However, "a plaintiff still bears the burden of establishing every element of Rule 23, *see Valley Drug*, 350 F.3d at 1187, and a district court's factual findings must find support in the evidence before it." *Id.* In *Vega*, "the district court's inference of numerosity for a Florida-only class without the aid of a shred of Florida-only evidence was an exercise in sheer speculation." *Id.* Accordingly, "the district court abused its discretion by finding the numerosity requirement to be satisfied with respect to a Florida-only class when the record is utterly devoid of any showing that the certified class of T-Mobile sales representatives 'in Florida' is 'so numerous that joinder of all members is impracticable." *Id.* at 1267–68.

In this matter, Thorne cited to the deposition testimony of ARM employees, who testified that ARM can determine the accounts from Westchester Hospital in which a call was placed and whether a message was left by reviewing each account. Nothing in Thorne's briefing indicates that Plaintiff has obtained that information through discovery. In fact, Thorne states that "Plaintiff will be moving to compel Defendant to produce a representative to testify as to the precise number of class members." Motion 6 n.1. Additionally, Mr. Rivera testified that Defendant's policy is to use its dialing system only once to call an account. Rivera dep. 25–26, Jan. 23, 2012, ECF No. 40-1. As discussed, plaintiffs in Section 1292d(6) actions must prove that the defendants made at least two phone calls, within the relevant statute of limitations, that included the prohibited behavior. *See supra* Part IV.b.1.

Simply put, there is no *evidence* before the Court regarding the number of putative class members who were allegedly called more than once during the relevant time period and were subjected to any prohibited behavior. This Court cannot make a determination that the numerosity requirement is satisfied without the aid of that information. Since Thorne has not provided that information to the Court, she has failed to "prove that there are *in fact* sufficiently numerous parties." *Wal-Mart*, 131 S.Ct. at 2551.

### 3. Typicality

Typicality is the rule requiring that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The "commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence. Those requirements therefore also tend to merge with the adequacy-of-representation requirement, although the latter requirement also raises concerns about the competency of class counsel and conflicts of interest." *Wal-Mart*, 131 S.Ct at 2551 n.5 (quoting *Falcon*, 457 U.S. at 157–58 & n. 13).

"A class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3). [T]ypicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large." *Vega*, 564 F.3d at 1275 (quoting *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1322 (11th Cir.2008)). "Although typicality and commonality may be related, we have distinguished the two concepts by noting that, '[t]raditionally, commonality refers to the group characteristics of the class as a whole, while typicality refers to the individual characteristics of the named plaintiff in relation to the class.'" *Id*. (quoting *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1346 (11th Cir.2001)). *See also Hines*, 334 F.3d at 1257 ("Inquiries into typicality focus on the similarities between the class representative's claims and the claims of the individuals in the putative class." (citing *Piazza*, 273 F.3d at 1345)).

A review of the individual characteristics of Thorne in relation to the proposed class demonstrates that there is not a sufficient nexus between her claim and those of the class at large. While Thorne's proposed class definition includes putative class members who suffered violations of both § 1692e(11) and § 1692d(6), she does not have a cognizable claim under § 1692d(6). Thus,

Thorne does not possess the same interest and did not suffer the same injury as the proposed class members. Thorne's claims are not typical of the claims of the proposed class. *See* Fed .R. Civ. P. 23(a)(3).

    4. <u>Adequacy</u>

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This "adequacy of representation" analysis "encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003) (quoting *In re HealthSouth Corp. Sec. Litig.*, 213 F.R.D. 447, 460–61 (N.D. Ala. 2003)). The Supreme Court stated:

> The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent. *See General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157–158, n. 13, 102 S.Ct. 2364, 2370–2371, n. 13, 72 L.Ed.2d 740 (1982). "[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *East Tex. Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977) (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216, 94 S.Ct. 2925, 2930, 41 L.Ed.2d 706 (1974)).

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997).

As discussed, Thorne's proposed class definition does not include one subclass for § 1692e(11) and another subclass for § 1692d(6). Rather, Thorne's proposed class definition includes putative class members who suffered violations of both § 1692e(11) and § 1692d(6). Thorne does not have a cognizable claim under § 1692d(6) and therefore is not a part of the class that she seeks to represent. Accordingly, Thorne cannot adequately prosecute an action on behalf of a proposed class that is pursuing § 1692d(6) claims against ARM.

 c. *Rule 23(b)(3)*

Rule 23(b)(3) provides that a class can be certified only when "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Supreme Court held that "a

class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Wal-Mart*, 131 S.Ct. at 2550. Since Thorne is not a member of her proposed class and did not suffer the same injury as the proposed class members, Rule 23(b)(3)'s requirements cannot be satisfied.

## V. CONCLUSION

For the reasons explained in this Order, it is **ORDERED and ADJUDGED** that the Plaintiff's Motion for Class Certification (ECF No. 35) is **DENIED**.

**DONE AND ORDERED** in chambers, at Miami, Florida, on June 27, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Designated U.S. Magistrate Judge
Counsel of record